IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALFRED DEHERRERA,**

    Plaintiff,

vs.                                                 Civ. No. 98-1502 JC/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams</u>

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**<u>Administrative History</u>**

2.   Plaintiff filed for Supplemental Security Income and Disability Insurance Benefits on August 9, 1994 alleging a disability since July 29, 1994 due to diabetes, arthritis, and hearing and vision problems.  Tr. 129, 132, and 171.  At the hearing Plaintiff also reported having a mental breakdown, stomach pain and headaches.  Tr. 46, 47 and 60.   Plaintiff had a hearing before an administrative law judge ("ALJ") on April 2, 1995.  Tr. 27.  On October 13, 1995, the ALJ issued a decision finding Plaintiff was not disabled.  Tr. 246-57.  Plaintiff requested an Appeals Council review of the decision.  Tr. 261.  On November 1, 1996, the Appeals Council vacated the ALJ's decision and remanded the case for further consideration of Plaintiff's psychiatric impairment and to attempt to obtain additional evidence from treating sources.  Tr. 263-64.  The ALJ scheduled a psychiatric consultative examination for the Plaintiff, obtained additional medical records from Las Vegas Medical Center and held a second hearing on March 26, 1997.  Tr. 265-68, 269 and 75.   The ALJ permitted the record to remain open and Plaintiff's counsel submitted additional records.  Tr. 79, 326-403.  The ALJ issued a decision on May 27, 1997 finding Plaintiff was not disabled because he was capable of performing work that existed in significant numbers in the national economy.  Tr. 9-29.  The decision of the

ALJ therefore is the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. Plaintiff was forty-seven years old on May 27, 1997, the date of the ALJ's decision. Tr. 129, 132. Plaintiff reported to the Social Security Administration that he had a GED but the record also contains Plaintiff's contentions that he has either an eleventh, tenth, seventh or sixth grade education. Tr. 175, 32-33, 92, 202, 405, 266. Also in the record Plaintiff said he was a B+ student through the tenth grade. He also stated he was in special education through the sixth or seventh grade. Tr. 202, 266, and 405.

**Issues**

4. Plaintiff alleges that the ALJ made four errors. Specifically, Plaintiff claims that: (1) the ALJ's decision is not based upon substantial evidence because the Commissioner failed to develop the record as required; (2) the ALJ failed to correctly and fully fill out the OHA Psychiatric Review Technique Form; (3)the ALJ's non-credibility determination is erroneous and not based upon all of the evidence; and (4)the ALJ's hypothetical question to the vocational expert was not based upon substantial evidence. The essence of Plaintiff's arguments is that the ALJ failed to fully develop the record when he did not obtain records from Northeastern Regional State Hospital, Health Centers of Northern New Mexico and

3

San Miguel/Mora Community Mental Health Services.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific

4

types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

8.   Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt.

5

P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir.

1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to preserve his right to review of the issues raised before this Court because he did not first present them for administrative review. James v. Chater, 96 F.3d 1341, 1343 (10th Cir. 1996). The law requires that a request for administrative review "identify the issues with...particularity." Id. Otherwise the Appeals Council has been "effectively sandbag[ged]." Id. In this matter Plaintiff wrote a letter to the Appeals Council on July 8, 1997. He did not raise any of the issues he now argues. Tr. 412-413. The crux of his argument, that the ALJ failed to obtain specific records, is not mentioned nor suggested. Thus, Plaintiff has waived judicial review of the issues he now raises and his appeal should be denied for this reason.

11. Though not necessary, the Court will briefly address Plaintiff's arguments on the merits. Plaintiff asserts that the ALJ failed to adhere to the Appeals Council remand order. Defendant correctly notes that this Court's jurisdiction extends only to the Commissioner's final decision, which is the ALJ's May 27, 1997 decision. 42 U.S.C. §405(g); Browning v. Sullivan, 958

7

F.2d 817 (8th Cir. 1992). The Appeals Council decision is not a final decision and not reviewable. Id. Thus, Plaintiff cannot prevail on this issue.

12. As previously stated, the crux of Plaintiff's argument is that the ALJ failed to obtain necessary medical evidence. Plaintiff argues that the ALJ should have obtained medical records from Northeastern Regional State Hospital, Health Centers of Northern New Mexico and San Miguel/Mora Community Mental Health Services.

13. Plaintiff bears the ultimate burden of proving his disability. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). It is the Plaintiff's duty to provide medical or other evidence that the ALJ can use to reach a conclusion about an individual's impairment. 20 C.F.R. §§404.1512(a), 416.912(a). The duty of the ALJ is one of "inquiry and factual development." Henrie v. HHS, 13 F.3d 359, 361 (10th Cir. 1993). The effort required by the ALJ to develop the record varies and is determined on a case by case basis. Cf. Lashley v. Secretary of Health & Human Servs., 708 F.2d 1048, 1052 (6th Cir. 1983).

14. In this matter Plaintiff was permitted to present post hearing evidence. Plaintiff did not submit the records at issue. Counsel for Plaintiff told the ALJ he would be requesting additional medical records. The ALJ permitted Plaintiff additional time after the hearing to submit the medical records. Plaintiff did submit some medical records but not those at issue. Tr. 326,

394. Thus, it would be fair for the ALJ to assume that the records did not exist or that they were not meaningful to Plaintiff's case. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). Further, the Plaintiff did not request help from the Commissioner in obtaining any medical records. See 20 C.F.R. §404.1512(d)(Social Security "will make every reasonable effort to help [Plaintiff] get medical reports from [Plaintiff's] own medical sources when [Plaintiff gives Social Security] permission to request the reports.")

15. Further, the ALJ did obtain treatment records from the Las Vegas Medical Center. Tr. 269. The ALJ also arranged for the Plaintiff to be examined by a consultative psychiatrist. Tr. 265.

16. The Plaintiff did disclose that he had seen Dr. Samadi at Northeastern Regional Hospital in March and April of 1995. Tr. 223. The evidence in the record indicates that he was treated for bronchitis and indigestion. He was prescribed Biaxin, an antibiotic and Cimetidine, an antacid. Tr. 223 and 227. An April 26, 1995 report from Las Vegas Medical Center further indicates that he was treated for bronchitis and indigestion. It was noted on May 12, 1995 that Plaintiff's bronchitis was resolved. Tr. 273.

17. Plaintiff told the staff psychiatrist at the Las Vegas Medical Center that a counselor at the Health Centers of Northern New Mexico referred him to the Center. Tr. 231. The record does not contain this referral. However it does contain the actual psychiatric treatment notes from Las Vegas Medical Center which

9

were obtained by the ALJ. These records include physician notes as well as progress notes. Not only are they subsequent to the records Plaintiff says are at issue but they are also an acceptable source of medical evidence. 20 C.F.R. §416.913.

18. Plaintiff was referred to San Miquel/Mora Community Mental Health Center for follow up after leaving the Center. Tr. 274. There is nothing in the record to indicate he actually sought any treatment there. Further, he did receive a consultative psychiatric examination after leaving the Center to determine his current mental state. Tr. 265.

19. Plaintiff also argues that the ALJ erred in not indicating the presence of an affective or anxiety related disorder on the OHA Psychiatric Review Technique Form. Tr. 19. Again, Plaintiff did not point out this error in his letter to the Appeals Council thus waiving any further review. <u>James</u>, 96 F.3d at 1343. Further, substantial evidence supports the ALJ's decision. The medical evidence in the record does not support these disorders. It is true that on admission to the Las Vegas Medical Center the records shows a provisional diagnosis of depression. However the final diagnosis made by Dr. Sewell, the staff psychiatrist does not include depression. In his visits in UNM during 1997 dysthmia is mentioned. However there are other diagnoses. The most recent diagnosis was mood disorder and a narcissistic/dependent personality disorder. Dr. Randall specifically wrote that he doubted Plaintiff had a "major depression." Tr. 411.

20. To conclude, Plaintiff failed to preserve the issues raised in his briefs for judicial review. There is no indication in the administrative record or the briefs submitted by Plaintiff that the record did not contain sufficient medical evidence to evaluate Plaintiff's impairments. Further, the Plaintiff did not indicate how these records would have affected the ALJ's decision. <u>Hawkins</u>, 113 F.3d 1169. Nor has Plaintiff submitted these records to the Appeals Council, or this court to establish that the record had not been fully developed.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet**
**United States Magistrate Judge**